# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                CIV 98-986 JC

ESTELLA TARANGO,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant's Sealed Motion to Seal All Documents Pertaining to Payments Under 18 U.S.C. § 3006A, filed December 30, 1998. The Court has reviewed the motion and the relevant authorities. The Court finds that the motion is not well taken and will be denied.

The Tenth Circuit recently analyzed to the extent to which materials should be released under the Criminal Justice Act ("CJA"). See United States v. Gonzales, 150 F.3d 1246 (10th Cir. 1998).

> The CJA was enacted in 1964 "to insure effective representation for those charged with a crime or confronted with the risk of being deprived of constitutional rights in ancillary proceedings." United States v. Smith, 633 F.2d 739, 741 (7th Cir.1980) [other cites omitted]. To achieve its purpose, the CJA provides for both representation by counsel and "other services necessary for adequate representation." 18 U.S.C. S 3006A(e)(1) . . . . Under the statute and regulations, the information related to counsel's fees is presumptively accessible to the public. It may be sealed at the discretion of the district court upon motion of the defendant or on the court's own motion. Similarly, this information that is placed under seal may be released later at the court's discretion, after consideration of the interests discussed below. To the contrary, information pertaining to the application for services other than counsel is sealed from the outset. After trial, the court has the

discretion, after finding on the record that the same interests are protected, to release this information as well.

Id. at 1263-64.

The Gonzales opinion further noted that one of the recent amendments to the CJA apparently takes discretion away from the district court as to the release of the totals by specifically providing that amounts expended under the CJA "***shall*** be made available to the public ." 18 U.S.C. § 3006A(e)(4) [emphasis added]. It would appear that amendments to the CJA reflect a Congressional desire to assure access to the public of CJA information unless the need for confidentiality is adequately demonstrated. See e.g. 21 U.S.C. § 848(q)(9).

Defendant has failed to meet this burden with sufficient particularity to justify sealing all documents concerning payments requested or paid. As to those CJA documents which are not sealed routinely pursuant to 18 U.S.C. § 3006, Defendant may renew her request to seal documents on an individual basis at which time the Court will then exercise its discretionary authority to protect CJA documents from public disclosure upon a proper showing of necessity.

Wherefore,

IT IS ORDERED that Defendant's Sealed Motion to Seal All Documents Pertaining to Payments Under 18 U.S.C. § 3006A, filed December 30, 1998, be, and hereby is, **denied**.

Dated: December 31, 1998

*/s/ John Edwards Conway*
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for United States:    Elizabeth Martinez, AUSA

Counsel for Defendant:    Jacquelyn Robins, Esq.